IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


MICHAEL WILLIAMS,                         §
        Petitioner,                §
                                 §        3:16-CV-1864-K
v.                                        §        3:92-CR-0378-K
                                 §
UNITED STATES OF AMERICA,                 §
        Respondent.                §


## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the foregoing reasons, the Court denies the motion.

## I.    Procedural Background

Pursuant to a plea agreement, Petitioner pled guilty to: (1) armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); (2) using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and (3) using or carrying a firearm during a subsequent crime of violence, in violation of 18 U.S.C. § 924(c)(1). On August 16, 1993, the Court sentenced him to thirty years in prison. On March 23, 1994, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *United States v. Williams*, No. 93-1772 (5ᵗʰ Cir. Mar. 23, 1994).

On June 28, 2016, Petitioner filed the instant § 2255 petition. He argues his

section 924(c) sentences are invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). He states: (1) the "crime of violence" definition in Section 924(c) is unconstitutionally vague in light of *Johnson*, and (2) his bank robbery offense was not a categorically crime of violence under 18 U.S.C. § 924(c).

## II.   Discussion

In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") found at 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner's sentence, however, was not increased under the ACCA's residual clause—the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather, Petitioner was sentenced under 18 U.S.C. § 924(c) for using and carrying a firearm during a crime of violence. *See In re Fields*, 826 F.3d 785, 786-787 (5th Cir. 2016) (per curiam) (specifically noting that *Johnson* did not address section 924(c)(3)(B)'s residual clause definition of a crime of violence). Petitioner has therefore failed to show his convictions or sentences under § 924(c) were invalidated by *Johnson*.

Additionally, the Fifth Circuit has determined that bank robbery is a crime of violence under § 924(c). *See Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) (stating bank robbery constitutes a crime of violence under § 924(c)); *see also, United States v. Bruce*, 668 Fed. Appx. 580, 581 (5th Cir. 2016) (per curiam) (citing *Royal* to affirm the acceptance of a guilty plea where appellant argued that the plea should not

have been accepted "because his bank robbery conviction does not qualify as a [crime of violence] in light of *Johnson*"); *Garcia v. United States*, No. 3:16-CV-1659-D-BN, 2017 WL 652182 (N.D. Tex. Jan. 13, 2017) (finding bank robbery conviction to be crime of violence under § 924(c)), *rec. adopted*, 2017 WL 635085 (N.D. Tex. Feb. 16, 2017). Petitioner's claims are without merit.

## III.     Conclusion

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice.

SO ORDERED.

Signed October 20th, 2017.


_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE